IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BURNS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-304-GPM |
| ) | |
| LEONARD RAY KARNES, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the Motion to Intervene filed by the proposed intervener, State Farm Mutual Automobile Insurance Company, on December 8, 2005 (Doc. 64). For the reasons set forth below, the motion is **DENIED**.

### BACKGROUND

The Plaintiff, William Burns, filed suit in state court on March 24, 2004 in which he alleged that the Defendants were negligent in their operation of a truck which struck the car in which he was a passenger. His complaint was removed to this court on May 4, 2004 and a presumptive trial month of August, 2005 was set. On February 28, 2005, the Plaintiff moved to add new Plaintiffs to his complaint, the other passengers and driver of the car. This motion was granted and the Plaintiffs filed their amended complaint on March 18, 2005. Consequently, the schedule in this case was amended and a new presumptive trial month of December, 2005 was set. The schedule was again amended upon motion of the Defendants and this matter currently is set for a March, 2006 trial date.

In its motion, State Farm Mutual Automobile Insurance Company seeks to intervene as of right and, it appears, based on common questions of law or fact. State Farm claims that it paid insurance benefits to two Plaintiffs, Stephanie Moeslein and William Burns, pursuant to an

insurance plan. State Farm further asserts that it is entitled to reimbursement of the amount paid based on a subrogation clause in the insurance contract.

## DISCUSSION

Federal Rule of Civil Procedure 24 anticipates two methods of intervention: as of right and permissive. Rule 24(a)(2) provides for intervention as of right "upon timely application":

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The intervener has the burden of showing that its motion is timely, that it has an interest in the subject mater of the action, that disposition without its participation would impair its interests, and that its interests are not adequately protected by the Plaintiff. United States v. BDO Seidman, 337 F.3d 802, 808 (7th Cir. 2003); See also Heartwood, Inc. v. United States Forest Service, Inc., 316 F.3d 694, 700 (7th Cir. 2003); Reid L. v. Illinois State Board of Education, 289 F.3d 1009, 1017 (7th Cir. 2002).

This intervener's motion is untimely. The underlying accident occurred on July 6, 2003. Plaintiff Burns filed his lawsuit on March 4, 2004 and Plaintiff Moeslein was added on March 18, 2005. There is no indication in State Farm's motion why it sought intervention only four months prior to trial, less than two months prior to a scheduled settlement conference, and after the expiration of the discovery and dispositive motion filing deadlines. There is also no indication why State Farm seeks intervention over a year after Burns filed suit and over 6 months after Moeslein was added to this lawsuit.

In addition, besides stating that "representation of its interest by the parties may be

inadequate," State Farm has not shown how such representation would be inadequate or how its interest may be jeopardized if it is not allowed to intervene in this action.  <u>Vollmer v. Publishers Clearing House</u>, 248 F.3d 698, 706 (7th Cir. 2001) (stating that the intervener "is required to prove each of these four elements; the lack of one element requires that the motion to intervene be denied").  For these reasons, State Farm may not intervene as of right.

Finally, notwithstanding State Farm's brief assertion, permissive intervention also is not applicable.  The underlying suit lies in negligence; whereas State Farm's claim is based on a contract.  State Farm's interest is in enforcing the terms of the contract and recovering reimbursement of medical expenses they have paid to the Plaintiffs.  Such a claim has only an oblique relationship to the underlying facts of the Plaintiffs' negligence suit or the law that is applicable to such a suit.  While State Farm may have a right to reimbursements pursuant to a contract, such a right does not mandate intervention at this stage of the proceedings.  Allowing intervention at this point in the litigation will unnecessarily delay this matter, as it may necessitate discovery and new dispositive motion filing deadlines, and complicate the limited issues that are before the Court.  <u>See generally</u>, <u>Heartwood</u>, 316 F.3d at 701-702.

CONCLUSION

For the foregoing reasons, the Motion to Intervene filed by the proposed intervener, State Farm Mutual Automobile Insurance Company, on December 8, 2005 is **DENIED** (Doc. 64).

**DATED: January 23, 2006**

<u>s/ Donald G. Wilkerson</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**
