IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BURNS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:04-cv-304-GPM |
| C.R. ENGLAND INC., et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ORDER**

This matter is before the Court on the Motion for Leave to File Fourth Amended Complaint, filed by Plaintiff William Burns on October 10, 2006 (Doc. 104). For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

Plaintiff William Burns filed his Complaint in the Circuit Court of Madison County alleging injury arising out of an automobile accident that occurred on July 6, 2003, in which a truck owned by Defendant C. R. England, and operated by Defendant Leonard Karnes, struck a car driven by William Burns. Defendants removed the case to this Court on May 24, 2004, based on diversity of parties. Following removal, Plaintiff Burns filed his initial complaint on May 4, 2004 (Doc. 2). This Complaint alleged two counts of negligence, one against C.R. England and the other against Leonard Karnes, for negligent operation of a motor vehicle and negligent employment. C.R. England filed an Answer to the Complaint (Doc. 5) on May 6, 2004. This case was set for a presumptive trial month of August 2005 (Doc. 11), and a Scheduling Order (Doc. 13) was issued on August 26, 2004, setting the discovery deadline for April 6, 2005.

On February 28, 2005, Plaintiff Burns filed a Motion for Leave to Amend (Doc. 18), which sought leave to amend the Complaint to allow additional parties to intervene as Plaintiffs. That motion was subsequently granted on March 17, 2005 (Doc. 20), and Plaintiff filed his Amended Complaint (Doc. 21) on March 18, 2005.  This amended complaint contained the same allegations of negligence, except that it added an additional allegation that Defendants:

> Failed to control and monitor the number of daily road hours and speeds of its drivers, including Defendant Karnes, but to the contrary required and/or encouraged its drivers to drive excessive hours at excessive speed, thereby creating risks of driver fatigue and carelessness which caused or contributed to the events described herein.

(Doc. 21, ¶ 4(e.)).  The complaint also added Plaintiffs Stephanie Moeslein, Mary Fogle, and Ronald Fogle.  In all, the Amended Complaint had eight counts.  On March 28, 2005, Defendant C.R. England filed an answer to the Amended Complaint, and on May 12, 2005, Defendant Karnes also filed an answer to Plaintiff's Amended Complaint (Doc. 26, 37).  A Revised Scheduling Order was then issued on May 13, 2005, resetting the presumptive trial month to December 2005, and the discovery deadline to August 8, 2005 (Doc. 39).  These dates were extended again after the Court granted Defendants' Joint Motion to Continue, which claimed that there was additional discovery that was required due to the addition of party plaintiffs (Doc. 43, 44).  The presumptive trial month was reset to March 2006, and the discovery deadline extended to November 4, 2005 (Doc. 44).

On August 30, 2005, Plaintiffs filed their Motion for Leave to File a Second Amended Complaint (Doc. 47), seeking to add additional causes of action against Defendants.  The Court again granted leave to amend in its September 19, 2005 Order (Doc. 49), and Plaintiffs thereafter

filed their Second Amended Complaint (Doc. 50), which added the following claims against

Defendants on the negligence counts:

> Negligently and carelessly caused, allowed and encouraged Leonard Ray Karnes to violate the Federal Highway Administration's hours of service regulations by repeatedly permitting him to violate the log requirements of said regulations and thereby permitting him to operate his vehicle without proper rest;
>
> Negligently and carelessly continued to employ Leonard Ray Karnes when it knew he had been cited for thirteen log book violations, two recordable incidents, one preventable accident, and had been placed on probation for repeated log book violations in the twelve months preceding this accident;
>
> Negligently and carelessly hired Leonard Karnes when it knew he had misrepresented his driving record.

(Doc. 50). The Second Amended Complaint also added Counts IX, X, XI, and XII, all alleging that Defendants conspired to "[d]estroy or otherwise dispose of Leanard Ray Karnes' log book entries for July 5, 2003 and July 6, 2003" and "[c]oncealed the number of hours Leonard Ray Karnes had been on duty without the requisite number of hours of rest as prescribed by law." (Doc. 50). The Second Amended Complaint further added Counts XIII, XIV, XV, XVI, XVII, XVIII, XIX, and XX – Negligent Spoilation of Evidence, which alleges that Defendants "[n]egligently and carelessly lost or destroyed the logs of July 5, 2003 and July 6, 2003." (Doc. 50).

On October 3, 2005, Defendants filed answers to the Second Amended Complaint (Doc. 52, 53). On January 20, 2006, a Stipulated Motion to Continue (Doc. 68) was filed, seeking to continue a settlement conference and also seeking a later trial date in order to afford sufficient time to complete necessary discovery (Doc. 68). On January 25, 2006, the Court granted the motion, resetting the presumptive trial month to September 2006 (Doc. 70). However, the

Motion did not specifically request an extension of the discovery or dispositive motion deadlines.

On January 26, 2006, Plaintiffs filed their Motion for Leave to File a Third Amended Complaint (Doc. 71). This time, Plaintiffs sought "to add additional charging allegations as to the conspiracy counts." (Doc. 71, ¶ 2). On February 23, 2006, the Court granted the motion, finding that the additional claim is related to those made in the Second Amended Complaint (Doc. 72). Plaintiffs then filed their Third Amended Complaint, alleging that Defendants, in furtherance of the conspiracy:

> Filed a false sworn answer to an interrogatory asserting Leonard Ray Karnes had "slept 8 hours or greater in Effingham, Illinois" when they knew such answer was false and fraudulent as evidenced by the vehicles Qualcomm software program, information they had in their possession when the answer was filed, but withheld from plaintiffs.

(Doc. 73). Both Defendants answered the Third Amended Complaint on March 20, 2006 (Doc. 76, 77). On June 23, 2006, the District Court then set a final pretrial conference for August 14, 2006 (Doc. 86).

On June 29, 2006, the Stipulated Motion to Continue Settlement Conference and Trial Date was filed (Doc. 88), which sought additional time to complete discovery, and a new Scheduling Order. On July 20, 2006, the Court in part granted the motion, resetting the presumptive trial month to December 2006, resetting the discovery deadline to August 8, 2006, but refusing to further extend the dispositive motion deadline, which had already lapsed (Doc. 89). The Court further clarified, "Further extensions are unlikely to be granted in the future." (Doc. 89). On September 22, 2006, however, Defendant Karnes filed a Motion to Amend the

Case Scheduling Order (Doc. 100), seeking an extension of the dispositive motion deadline. That Motion was denied on September 27, 2006 (Doc. 102).

On October 10, 2006, Plaintiffs filed their Motion for Leave to File a Fourth Amended Complaint (Doc. 104).  On October 19, 2006, Defendant C. R. England filed a Memorandum in Opposition (Doc. 106).  On October 30, 2006, Plaintiff filed a Response (Doc. 118).  Plaintiff seeks to add a Count XXI, alleging willful and wanton conduct, and requesting punitive damages. Specifically, Plaintiff alleges that Defendants:

> Wilfully and wantonly failed to control and monitor the number of daily road hours and speeds of its drivers, including Defendant Karnes, but to the contrary required and/or encouraged its drivers to drive excessive hours at excessive speed, thereby creating risks of driver fatigue and carelessness which caused or contributed to the events described herein;
>
> Wilfully and wantonly allowed and encouraged Leonard Ray Karnes to violate the Federal Highway Administration's hours of service regulations by repeatedly permitting him to violate the log requirements of said regulations and thereby permitting him to operate his vehicle without proper rest;
>
> Wilfully and wantonly continued to employ Leonard Ray Karnes when it knew he had been cited for thirteen log book violations, two recordable incidents, one preventable accident, and had been placed on probation for repeated log book violations in the twelve months preceding this accident;
>
> Wilfully and wantonly failed to discharge, discipline, counsel, train and/or instruct Leonard Ray Karnes when it knew he had been previously fired from a position for falsifying a job application; knew he had represented his driving record at the time of his hiring by defendant; knew he was placed on one year probation by reason of his previous driving record and yet during his probation received two more moving violations, without consequence; knew that he consistently failed to attend company mandated safety meetings; knew he repeatedly violated company and Federal rules concerning false logs, hours of service, and excessive speed, having accumulated perhaps in excess of one hundred major log violations.

(Proposed Fourth Amended Complaint).  As a result of this added claim, Plaintiff seeks in excess of seventy-five thousand dollars ($75,000) in compensatory damages and fifty million dollars

5

($50,000,000) in punitive damages.

A settlement conference was held on November 15, 2006, but the case did not settle. Thereafter, various motions in limine were filed, before Plaintiff Burns filed a Motion to Continue the Final Pre-Trial Conference on November 20, 2006 (Doc. 134).  The following day, the District Court entered an Order (Doc. 135), which granted the motion to continue pending resolution of ongoing discovery disputes.  On November 27, 2006, an in-person status conference was held regarding pending discovery disputes, in which the present Motion for Leave to File an Fourth Amended Complaint was argued.

## ANALYSIS

Plaintiffs wish to add Count XXI, which would add charges of willful and wanton conduct, and requests punitive damages in excess of fifty million dollars ($50,000,000).  Plaintiff asserts that this amendment is necessary to "conform to the evidence adduced thus far." (Doc. 104).

Defendant England argues that leave to amend should be denied because it is untimely and defendants will be prejudiced by the proposed amendment at such a late date.  Defendant asserts that the proposed amended complaint contains no facts or allegations not already included in the Third Amended Complaint, but is simply a condensed version of Count IX and Count XVII, which are conspiracy and negligent spoilation of evidence counts, respectively. They further allege that prejudice would result by granting leave to amend, because Count XXI amounts to a new theory of the case, which would require a new defensive strategy, especially considering the large punitive damage request.

FED. R. CIV. P. 15(a) provides for when a party may amend a pleading and states that leave to amend "shall be freely given when justice so requires."  However, under Rule 15(a), leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility."  Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004).  Further, when granting a motion for leave to amend a complaint would require modification of the a court's existing scheduling order, the movant must demonstrate "good cause." Fed. R. Civ. P. 16(b). The diligence of the party seeking the amendment is the primary consideration in determining whether Rule 16(b)'s "good cause" standard has been met. Trustmark Ins. Co. v. General & Cologne Life Re of America, 424 F.3d 542, 553 (7th Cir. 2005) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992).  A decision to grant or deny a motion for leave to file an amended complaint is "a matter purely within the sound discretion of the district court." Guise, 377 at 801 (quoting J.D. Marshall Int'l, Inc. v. Redstart, Inc., 935 F.2d 815, 819 (7th Cir.1991)). The granting or denying of a motion to amend is reviewed for an abuse of discretion. Butts v. Aurora Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004).

Because granting leave to amend at this late date would require a substantial modification of the Court's Scheduling Order, Plaintiffs must demonstrate good cause for the modification.  In this regard, the Court has considered Plaintiff's diligence in seeking its fourth amendment to the Complaint.  Defendants are correct in their assertion that Count XXI contains substantially the same factual allegations as were contained in Plaintiff's Third Amended Complaint (Doc. 73). Yet, the same is also true with respect to the Second Amended Complaint (Doc. 50), filed on September 19, 2005.  Most of the allegations in Count XXI are contained verbatim in the second amended complaint, except that the terms "negligently and carelessly" are replaced with

7

"willfully and wantonly".  This demonstrates that Plaintiffs were knowledgeable of the facts alleged in Count XXI at least as far back as August of 2005, which is fourteen months before Plaintiffs filed their Motion for Leave to File a Fourth Amended Complaint.  Plaintiff has not offered good cause for this delay.

The Court is not persuaded that justice requires the Court to grant the Motion for Leave to File a Fourth Amended Complaint, and that prejudice would result if it were not granted.  The Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."  FED. R. CIV. P. 1.  In addition, where there is a burden to the judicial system, the Court may deny a motion to amend "even if the amendment would cause no hardship at all to the opposing party." Perrian v. O'Grady, 958 F.2d 192, 195 (7th Cir. 1992) (quoting Tamari v. Bache & Co. (Lebanon) S.A.L., 838 F.2d 904, 909 (7th Cir. 1988)). This is because substantive amendments shortly before trial serve to defeat the public's interest in speedy resolution of legal disputes; therefore, in such circumstances, the Court may refuse to allow plaintiffs to amend their complaint. Id. (quoting Campbell v. Ingersoll Milling Mach. Co., 893 F.2d 925, 927 (7th Cir.1990); citing Fort Howard Paper Co. v. Standard Havens, Inc., 901 F.2d 1373, 1379 (7th Cir.1990)).

First, the Court agrees that this motion to Amend is untimely.  This case has been pending for nearly three years, and the trial date has been extended no less than six times, due to the need to extend the discovery deadline after Plaintiffs sought to amend their complaint four times.  The Court's Scheduling Order (Doc. 13) was issued on August 26, 2004, which set a discovery deadline of April 6, 2005, and a trial date of August 2005. Five weeks before the first discovery cutoff deadline, Plaintiff requested, and was later granted, leave to file an amended

8

complaint.  This caused Defendant England to move for a revised scheduling order and a new trial date, which the Court granted, extending the trial month to December 2005, and the discovery deadline to August 8, 2005.  Following a motion by Defendant England, which asserted that the discovery schedule was unworkable given the many additional parties and claims added under the amended complaint and the fact it had not received certain discovery from Plaintiffs, the discovery deadline and trial date were reset, this time to November 4, 2005, and March of 2006, respectively.

      Thereafter, on August 30, 2005, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, which was granted on September 19, 2005.  On January 25, 2006, the trial date was reset to September 2006 following a Motion by Plaintiff Burns.  The next day, Plaintiff filed a Motion for Leave to File his Third Amended Complaint, which was again granted.  Upon motion, the Court again reset the trial date to December 2006, and the discovery deadline to August 8, 2006.  However, the Court stated in its July 20, 2006 Order, "Further extensions are unlikely to be granted in the future." (Doc. 89).  On October 10, 2006, which was two months after the discovery deadline had passed, and less than two months before trial, Plaintiff filed his Motion for Leave to File a Fourth Amended Compliant (Doc. 104). On November 21, 2006, the Court again was forced to continued the trial date and final pretrial conference, this time doing so indefinitely, pending resolution of outstanding motions and discovery disputes (Doc. 135).  As the record clearly illustrates, this Court has repeatedly extended deadlines, reset conferences and trial dates, and allowed Plaintiffs to amend their complaint multiple times.  Plaintiffs have already filed four complaints in this matter, each requiring an answer by Defendants, and now seeks a to file a fifth complaint. The Court must draw the line somewhere.  Given the repeated

delays caused by the multiple amended complaints filed in this case, the delay attributable to Plaintiff in seeking to amend the Complaint for a fourth time, and the great damages sought under the proposed Fourth Amended Complaint, the Court is justified in denying leave to amend on these grounds alone.

Defendants suggest an additional reason to deny the Motion for Leave to Amend. They assert that if this amendment were allowed, they would suffer prejudice as a result. When a party seeks to amend a complaint, that party carries the burden of proof in showing that no prejudice will result to the non-moving party. King v. Cooke, 26 F.3d 720, 724 (7th Cir. 1994). The Court finds that if it were to permit Plaintiffs to file the Proposed Fourth Amended Complaint, it would be necessary to reopen discovery and further extend the trial date. This would cause not only considerable delay, but also considerable expense in that depositions would need to be retaken, and the Court would be obliged to consider reopening the time to file dispositive motions. Plaintiff has failed to demonstrate that Defendants would not be prejudiced by allowing such an amendment this late in the game. For all the foregoing reasons, the Motion for Leave to File a Fourth Amended Complaint is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Motion for Leave to File a Fourth Amended Complaint (Doc. 104) is **DENIED**.

**DATED: April 12, 2007**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**